UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLARCITY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, et al.,<br><br>Defendants. | Case No. 16-CV-05509-LHK<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 51 |

Before the Court is Defendant Sunpower Corporation's ("Sunpower") Partial Motion to Dismiss SolarCity's Claim for Declaratory Relief and Claims Based on the "Demand Logic Guarantee" ("motion"). ECF No. 51. The Court finds that the motion is suitable for resolution without oral argument and therefore VACATES the hearing scheduled for May 11, 2017. Having considered the briefing of the parties, the record in the case, and the relevant law, the Court hereby GRANTS Sunpower's motion with prejudice.

**I.  BACKGROUND**

   **A. Factual Background**

The instant case involves a trade secrets dispute between SolarCity Corporation ("Solarcity") and Defendants Sunpower and Anne Shuldes-Torricelli ("Shuldes-Torricelli"). ECF

1
Case No. 16-CV-05509-LHK
ORDER GRANTING PARTIAL MOTION TO DISMISS WITH PREJUDICE

No. 1. Solarcity and Sunpower are competing providers of home solar energy. *Id.* ¶¶ 1–3. SolarCity maintains non-public databases of customer information called "Salesforce Records." *Id.* ¶ 16. SolarCity claims that the Salesforce Records are valuable and confidential and "provide SolarCity with a significant competitive advantage over SolarCity's competitors in a number of ways, including by enabling SolarCity to build and leverage its goodwill in the community and lower SolarCity's cost of customer acquisition." *Id.* ¶ 17. SolarCity claims that it requires all employees to sign confidentiality agreements regarding the Salesforce Records. *Id.* ¶ 18.

Shuldes-Torricelli was an employee of SolarCity with the title of Project Development Manager from February 23, 2015 to July 1, 2016. *Id.* ¶ 19. As part of her employment, Shuldes-Torricelli signed a confidentiality agreement in which she promised not to reveal SolarCity's confidential information. *Id.* ¶¶ 20–26. In 2016, SolarCity placed Shuldes-Torricelli on a three-month performance improvement plan and ultimately terminated Shuldes-Torricelli's employment on July 1, 2016. *Id.* ¶¶ 32–34.

Shuldes-Torricelli applied for a position at Sunpower on June 6, 2016. *Id.* ¶ 32. In August 2016, Sunpower hired Shuldes-Torricelli as a Strategic Business Development Manager, Smart Energy. *Id.* ¶ 35.

SolarCity alleges that before leaving SolarCity, Shuldes-Torricelli "repeatedly accessed SolarCity's Salesforce customer database, downloaded hundreds of commercial customer records comprising SolarCity's confidential information and trade secrets, and saved SolarCity's confidential information and trade secrets onto a personal external hard drive, which she retained after termination of her employment." *Id.* ¶ 36. SolarCity has hired forensic investigators and devoted other resources to investigating and responding to Shuldes-Torricelli's conduct. *Id.* ¶ 43.

On September 23, 2016, SolarCity sent a letter to Shuldes-Torricelli stating that Shuldes-Torricelli was acting in violation of the confidentiality agreement that she had signed as part of her employment at SolarCity. *Id.* ¶ 47. In the letter, SolarCity requested Shuldes-Torricelli to either give assurances that she had not kept possession of SolarCity's confidential information or to immediately cease using SolarCity's confidential information and to identify what confidential

2

information Shuldes-Torricelli had retained and to whom Shuldes-Torricelli had disclosed that information. *Id.* ¶ 49. Shuldes-Torricelli responded to the letter on September 27, 2016, but did not provide assurances to SolarCity's satisfaction. *Id.* ¶ 50.

Also on September 23, 2016, SolarCity sent a letter to Sunpower's general counsel asking Sunpower to describe the steps it took to ensure that Shuldes-Torricelli did not retain or use confidential SolarCity data, that Shuldes-Torricelli returned all confidential information to SolarCity, and that Sunpower did not use any of the confidential data. *Id.* ¶ 55. Sunpower responded to the letter on September 26, 2016, but did not provide assurances to SolarCity's satisfaction. *Id.* ¶¶ 57–58. Based on these allegedly inadequate responses, SolarCity alleges that "Shuldes is knowingly and improperly using SolarCity's stolen trade secrets without authorization, and that SunPower knows and approves of this conduct." *Id.* ¶ 58.

SolarCity also claims that soon after Shuldes-Torricelli left SolarCity and began working at Sunpower, Sunpower began to use contractual language known as the "Demand Logic Guarantee" in Sunpower's contracts. *Id.* ¶ 59. SolarCity alleges that use of the "Demand Logic Guarantee" is part of Sunpower's "unfair approach to competing with SolarCity." *Id.* ¶ 61.

### B. Procedural History

SolarCity filed the complaint in the instant action on September 27, 2016. ECF No. 1. In the complaint, SolarCity asserts eight causes of action: violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, against both Defendants; declaratory relief regarding SolarCity's rights to its trade secrets and other proprietary information against both Defendants; conversion against both Defendants; trespass to chattels against both Defendants; unjust enrichment/restitution against Sunpower; violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, against both Defendants; breach of contract against Shuldes-Torricelli; and breach of the covenant of good faith and fair dealing against Shuldes-Torricelli. *Id.* ¶¶ 62–116.

On March 20, 2017, Shuldes-Torricelli answered the complaint. ECF No. 49. Also on March 20, 2017, Sunpower filed the instant partial motion to dismiss, ECF No. 52, and a request for judicial notice in support of the motion, ECF No. 53. Also on March 20, 2017, Sunpower filed

an answer to the complaint on the causes of action that Sunpower had not moved to dismiss. ECF No. 54. On April 14, 2017, SolarCity filed a partial opposition to Sunpower's motion. ECF No. 59. On April 28, 2017, Sunpower filed a reply. ECF No. 61.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court concludes that the complaint should be dismissed, it must then decide whether

4

to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15. . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipsis in original). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

### A. Demand Logic Guarantee

Sunpower's motion seeks to dismiss Solarcity's claims with prejudice to the extent that the claims rely on Sunpower's alleged use of the Demand Logic Guarantee contractual language. ECF No. 51, at 5–9. Specifically, Sunpower claims that the contractual language of the Demand Logic Guarantee was publicly available in August 2015, a year before Sunpower hired Shuldes-Torricelli. *Id.* SolarCity does not oppose the motion on this ground, and indeed SolarCity concedes that the allegations about the Demand Logic Guarantee "are not a basis for SolarCity's remaining claims and demands for relief against Defendants." ECF No. 59, at 3. Therefore, the Court GRANTS with prejudice Sunpower's motion as to Solarcity's claims to the extent that the claims rely on Sunpower's alleged use of the Demand Logic Guarantee contractual language.

Additionally, Sunpower's request for judicial notice in support of Sunpower's motion is relevant only to Sunpower's argument regarding the Demand Logic Guarantee. ECF No. 53. Specifically, the two documents for which Sunpower sought judicial notice were both intended to show that the contractual language of the Demand Logic Guarantee was publicly available as of August 2015. ECF Nos. 52–53. Therefore, because the parties have agreed to dismiss Solarcity's claims to the extent that the claims rely on Sunpower's alleged use of the Demand Logic Guarantee contractual language, the Court DENIES AS MOOT Sunpower's request for judicial notice.

**B. Claim for Declaratory Relief**

Sunpower's motion also seeks to dismiss with prejudice SolarCity's claim for declaratory relief. ECF No. 51, at 9–10. Sunpower argues that the claim for declaratory relief is duplicative of SolarCity's other causes of action, and "[a] claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009); *see also Top Agent Network, Inc. v. Zillow, Inc.*, 2015 WL 7709655, at *9 (N.D. Cal. Apr. 13, 2015) (dismissing a declaratory relief claim because it was "purely duplicative" of other claims, including a claim of misappropriation of trade secrets).

In SolarCity's opposition to the motion, SolarCity states that it "does not oppose dismissal of its declaratory relief claim (Claim II) given its overlap with SolarCity's other claims, but does not agree the dismissal should be with prejudice." ECF No. 59, at 2. Thus, the Court assumes that dismissal is appropriate and decides only whether the declaratory relief claim should be dismissed with or without prejudice.

As discussed above, a court may dismiss a claim with prejudice due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger*, 512 F.3d at 532. Sunpower argues that SolarCity's declaratory relief claim should be dismissed with prejudice because amendment would be futile. Specifically, Sunpower argues that "there is no set of facts that would allow SolarCity to revive its claim through amendment." ECF No. 61, at 1.

Sunpower also cites several cases in which courts have dismissed declaratory relief claims with prejudice in similar circumstances. For example, in *Akhavein v. Argent Mortg. Co.*, 2009 WL 2157522, at *5 (N.D. Cal. July 18, 2009), the court found that the plaintiff's declaratory relief claim was "duplicative and unnecessary" because the declaratory relief claim was "entirely commensurate with the relief sought through their other causes of action." Because the declaratory relief claim was duplicative, the court found that "any amendment would be futile" and therefore dismissed the claim "with prejudice." *Id.*

Similarly, in *Diversified Capital Investments, Inc. v. Sprint Commc'ns, Inc.*, 2016 WL 2988864, at *9 (N.D. Cal. May 24, 2016), the court found that the plaintiff's declaratory relief claim was "entirely redundant with the [plaintiff's] breach of contract claim." Because of this redundancy, the court found that "Plaintiff's claim for declaratory relief is fatally flawed, and amendment would be futile, so that claim is dismissed without leave to amend." *Id.*

Additionally, in *Bell v. Wells Fargo Bank, N.A.*, 2014 WL 12603123, at *8 (C.D. Cal. Sept. 2, 2014), the court found that plaintiff's declaratory relief claim was "duplicative" and therefore dismissed the claim with prejudice because "any amendment would be futile." The district court's decision was affirmed by the Ninth Circuit. *See Bell v. Wells Fargo Bank, N.A.*, 663 F. App'x 549 (9th Cir. 2016).

Finally, in *Reyes v. Nationstar Mortg. LLC*, No. 15-CV-01109-LHK, 2015 WL 4554377, at *7 (N.D. Cal. July 28, 2015), this Court found that the plaintiffs' declaratory relief claim overlapped with its breach of contract claim, and therefore the Court dismissed the claim with prejudice because "allowing amendment would be futile."

In its opposition, SolarCity does not identify any changed circumstances that might allow SolarCity to reassert its claim for declaratory relief. Instead, SolarCity simply states that generally, courts have dismissed declaratory relief claims without prejudice when "newly arising facts may warrant asserting the declaratory judgment claim in the future." ECF No. 59, at 3. SolarCity cites five cases in support of this proposition.

In three of the cases that SolarCity cites, the courts found that adjudicating declaratory relief claims was improper because the disputes were not yet ripe, and the courts dismissed the claims without prejudice so that the parties could reassert the claims when they became ripe. *See Vinotemp Int'l Corp. v. Wine Master Cellars*, LLC, 2011 WL 13134914 (C.D. Cal. July 7, 2011) (dismissing claim because there was no "concrete dispute" but doing so without prejudice in case defendant "threaten[ed] suit . . . in the future"); *Cepheid v. Roche Molecular Sys., Inc.*, 2013 WL 184125, at *13 (N.D. Cal. Jan. 17, 2013) (declining to exercise jurisdiction because "Plaintiff took specific actions to attempt to manufacture [the] controversy" and dismissing "without prejudice to

7
Case No. 16-CV-05509-LHK
ORDER GRANTING PARTIAL MOTION TO DISMISS WITH PREJUDICE

a future action should circumstances change"); *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1053 (N.D. Cal. 2016) (dismissing "without prejudice to renewal once the claim is ripe"). These cases have no relevance to the instant case, which involves a ripe dispute.

In the fourth case that SolarCity cites, *Lopez v. Whirlpool Corp.*, 2012 WL 5818266, at *2–3 (N.D. Cal. Nov. 15, 2012), plaintiff voluntarily dismissed her own claims and planned to reassert her claims in state court. Therefore, the court dismissed the defendant's counterclaim for declaratory relief without prejudice so that the defendant could reassert the claim in state court. *Id.* This has no relevance to the instant case, in which SolarCity does not intend to dismiss its federal case and refile in state court.

The only case that SolarCity cites that is relevant to the instant case is *Natividad v. Wells Fargo Bank, N.A.*, 2013 WL 2299601, at *17 (N.D. Cal. May 24, 2013). In *Natividad*, the court dismissed a declaratory relief claim without prejudice because the claim was duplicative of other claims in the same action. *Id.* ("[T]his claim is duplicative and unnecessary. . . . The Court therefore GRANTS the motions to dismiss Plaintiff's claim for declaratory relief without prejudice."). However, in *Natividad*, the court offered no analysis or reasons for dismissing without prejudice. Therefore, the court finds that *Natividad* is not persuasive precedent.

In short, SolarCity has not cited any persuasive, on-point precedent indicating that dismissal without prejudice is appropriate. Additionally, SolarCity has made no attempt to argue that there are any changed circumstances that would allow SolarCity to reassert its claims for declaratory relief. Thus, further amendment would be futile.

Additionally, as this Court has previously held, when a party abandons a claim, courts generally dismiss the claim with prejudice. *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) ("[W]here a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.") (internal quotation marks omitted). Therefore, SolarCity's failure to defend its claim for declaratory relief provides another reason to dismiss the claim with prejudice.

Accordingly, the Court thus finds that dismissal with prejudice is appropriate. *See*

8

*Leadsinger*, 512 F.3d at 532 (9th Cir. 2008) (holding that "futility of amendment" justifies dismissal with prejudice).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Sunpower's partial motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: May 4, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge